No. 23-55288

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

IN RE: CALIFORNIA PIZZA KITCHEN DATA BREACH LITIGATION

AVA KIRSTEN, *Plaintiff – Appellant,*

KANSAS GILLEO, *Plaintiff – Appellee,*

JEREMY PITTMAN, individually and on behalf of all others similarly situated, *Plaintiff - Appellant,*

SYDNEY RUSEN; et al., *Plaintiffs – Appellees,*

v.

CALIFORNIA PIZZA KITCHEN, INC., *Defendant – Appellee.*

Appeal From The United States District Court
For The Central District of California, Santa Ana
The Honorable David O. Carter
Case No. 8:21-cv-01928-DOC-KES

**PLAINTIFFS-APPELLEES' OBJECTION TO APPELLANTS' FORM 32 RESPONSE TO NOTICE OF CASE BEING CONSIDERED FOR ORAL ARGUMENT**

SIRI & GLIMSTAD LLP
Mason Barney
200 Park Avenue, 17th Fl.
New York, NY 10166
(212) 532-1091
(646) 417-5967 (fax)
mbarney@sirillp.com

MILBERG COLEMAN BRYSON PHILLIPS GROSSMAN PLLC
David K. Lietz
5335 Wisconsin Ave. NW
Suite 440
Washington, DC 20015
(866) 252-0878
(202) 686-2877 (fax)
dlietz@milberg.com

CAFFERTY CLOBES MERIWETHER & SPRENGEL LLP
Daniel O. Herrera
135 S. LaSalle, Suite 3210
Chicago, Illinois 60603
(312) 782-4880
(312) 782-4485 (fax)
dherrera@caffertyclobes.com

WOLF HALDENSTEIN ADLER FREEMAN & HERZ LLP
Rachele R. Byrd
750 B Street, Suite 1820
San Diego, CA 92101
(619) 239-4599
(619) 234-4599 (fax)
byrd@whafh.com

*Attorneys for Plaintiffs—Appellees*

Plaintiff-Appellees submit the following objection to Appellants' Form 32 Response to Notice of Case Being Considered for Oral Argument.

As a result of the instant appeal, Appellants have already delayed payment to class members by more than a year. Now Appellants try to further delay payment by two more months by claiming that one attorney's personal travel arrangements and duties preparing for a judicial conference create "irreconcilable conflicts" prevent Appellants from appearing for oral argument at any of the 20 proposed dates in June and July. For the following reasons, the issues listed in Appellants' Form 32 response should be rejected, and the Court should schedule oral argument on any of the proposed dates in June and July.

The instructions to Form 32 state that the form is to be used "to advise the court of irreconcilable conflicts that would prevent counsel from appearing on **one** of the dates under consideration for oral argument." (emphasis added). The form goes on to define "irreconcilable conflicts" as follows:

> Identify as conflicts only situations you cannot reasonably resolve. For example, you have a family wedding to attend and you are a sole practitioner who does not have someone who can take your place at argument. Potential hearing dates in other cases do not qualify as irreconcilable conflicts.

USCA Form 32.

Appellants' Form 32 does not state an "irreconcilable conflict" as it is defined in that Form. Appellants' Counsel Attorney Wolfson states that:

> Throughout the other sitting dates in June and early July, I have predetermined travel arrangements with my daughter who is going away to college at the end of the summer.

The current date is February 16, 2024. Vague, unspecified "predetermined travel" for fifteen separate dates (June 3-7, June 10-14, and July 8-12) spanning three full calendar weeks in June 2024 and July 2024 does not qualify as an "irreconcilable conflict" for even one of the dates the Court has contemplated for oral argument, let alone fifteen separate dates. The June dates are over three-and-a-half (3 ½) months away from today's date. The dates in July 2024 are almost five (5) months away from today's date. Travel arrangements – even ones that are already booked and paid for – can be changed easily this far in advance, typically without any financial penalty whatsoever. Appellants' Counsel are not indigent, nor are they financially stressed. Changing "predetermined travel arrangements" nearly five months in advance is something easily accomplished by even average American families, let alone persons in the position of Appellants' Counsel.

Also, this "predetermined travel" is not for something like a family wedding, as the instructions to Form 32 contemplate. Appellants' Counsel Attorney Wolfson is not a sole practitioner, who does not have someone who

can take her place at argument. The two other Appellants' attorneys of record have approximately 32 years of experience collectively.[1] There are dozens of other attorneys at the two law firms representing Appellants. If it is the case (as the instructions to Form 32 state) that even a potential hearing date in another case is not an "irreconcilable conflict" for even one of the 20 dates contemplated by this Court for oral argument, nebulous "predetermined travel arrangements" surely do not qualify to excuse Appellants' Counsel from **all** of the proposed hearing dates in June 2024, and half of the Court's dates in July 2024. Appellants' "predetermined travel" does not qualify as a conflict that cannot be "reasonably resolved," and therefore is not an "irreconcilable conflict."

With regard to the July 15-19, 2024 dates, Attorney Wolfson contends that she has an irreconcilable conflict for all of those dates because she "will need to attend to [her] responsibilities in preparation for the Ninth Circuit Judicial Conference that will begin on July 22, 2024." Attorney Wolfson does not specify exactly what those "responsibilities" are, nor does she indicate why they would consume **all** of the proposed hearing dates. It belies credulity

---

[1] Attorney Garber graduated from law school in 2002, and has approximately 23 years' experience. Attorney White graduated from law school in 2015, and has approximately 9 years' experience.

to suggest that Attorney Wolfson could not complete all her responsibilities in connection with her Conference Executive Committee work in the six (6) remaining calendar days between July 15th and July 21st, if one single date was carved out for oral argument in this case.[2] And if these "responsibilities" refer to her responsibilities in other legal matters she is handling, those responsibilities fall squarely within the ambit of "potential hearing dates in other cases," which do not qualify as "irreconcilable conflicts" as they are defined by this Court.

    Appellants' Counsel shows no truly "irreconcilable conflict" for any of the dates contemplated by the Court for oral argument. Plaintiffs-Appellees' counsel are available (or can make themselves available) on <u>all</u> of these dates. The Court should reject the request for consideration of August 13 and August 14, 2024 (dates on which Plaintiffs-Appellees' counsel are also available), and should move this appeal forward forthwith. As noted, Appellants' Counsel have already substantially delayed relief to the Settlement Class through their overruled objections, and through previous requests for extension of time. This Court should brook no more delay.

---

[2] For example, if argument in this case was scheduled for Monday, July 15, 2024, Attorney Wolfson would still have July 16 through 21 to attend to her other "responsibilities."

DATED:   February 16, 2024        Respectfully submitted,

                                  */s/David K. Lietz*
                                  David K. Lietz (admitted *pro hac vice*)
                                  **MILBERG COLEMAN BRYSON**
                                  **PHILLIPS GROSSMAN, PLLC**
                                  5335 Wisconsin Avenue NW,
                                  Suite 440
                                  Washington, D.C. 20015-2052
                                  Tel: 202-744-1795
                                  Fax: 202-686-2877
                                  dlietz@milberg.com

| MASON BARNEY | DANIEL O. HERRERA | RACHELE R. BYRD |
|---|---|---|
| SIRI & GLIMSTAD LLP<br>Mason Barney<br>200 Park Avenue, 17th Fl.<br>New York, NY 10166<br>(212) 532-1091<br>(646) 417-5967 (fax)<br>mbarney@sirillp.com | CAFFERTY CLOBES<br>MERIWETHER &<br>SPRENGEL LLP<br>Daniel O. Herrera<br>135 S. LaSalle, Suite 3210<br>Chicago, Illinois 60603<br>(312) 782-4880<br>(312) 782-4485 (fax)<br>dherrera@caffertyclobes.com | WOLF HALDENSTEIN<br>ADLER FREEMAN &<br>HERZ LLP<br>Rachele R. Byrd<br>750 B Street, Suite 1820<br>San Diego, CA 92101<br>(619) 239-4599<br>(619) 234-4599 (fax)<br>byrd@whafh.com |

*Attorneys for Plaintiffs-Appellees*

## DECLARATION REGARDING CONCURRENCE

I, David K. Lietz, am the CM/ECF User whose identification and password are being used to file this Plaintiffs-Appellees' Objection to Appellants' Form 32 Response to Notice of Case Being Considered for Oral Argument. In compliance with Ninth Circuit Rule 25-5(e), I hereby attest that Rachele R. Byrd, Mason Barney, and Daniel O. Herrera have concurred in the content of this filing.

DATED: February 16, 2024   By:   */s/David K. Lietz*
David K. Lietz (admitted *pro hac vice*)
**MILBERG COLEMAN BRYSON PHILLIPS GROSSMAN, PLLC**
5335 Wisconsin Avenue NW,
Suite 440
Washington, D.C. 20015-2052
Tel: 202-744-1795
Fax: 202-686-2877
dlietz@milberg.com

*Counsel for Plaintiffs-Appellees*